1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHIR RAMOS, | CASE NO. 06-CV-2282 W (CAB) |
| Plaintiff, | **ORDER GRANTING** |
| v. | **MOTION TO DISMISS** |
| THOMAS J. MARCISZ, M.D., David J. Oblon, M.D., and Tri-City Medical Center, | |
| Defendants. | |

On October 11, 2006, Plaintiff Nahir Ramos filed a complaint alleging four claims against the defendants arising out of a hospital stay in October 2005. Defendant Tri-City Medical Center (Tri-City), the hospital, filed a motion to dismiss the entire complaint, or in the alternative, two of the individual claims. The court decides the motion on the papers submitted and without oral argument. Civ. L.R. 7.1(d(1)). Because Ramos failed to present the claim to Tri-City, a public entity, or obtain a court order excusing the failure, the court will **GRANT** the motion to dismiss the complaint.

1  I.   <u>Legal Standards</u>

2        Under Federal Rule 12(b)(6), the court may dismiss a cause of action for failure

3  to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion

4  to dismiss under Rule 12(b)(6) tests the claim's sufficiency.  <u>See</u> <u>N. Star Int'l. v. Ariz.</u>

5  <u>Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  In ruling on a motion to dismiss, the

6  court assumes the truth of all factual allegations and construes them in the light most

7  favorable to the plaintiff.  <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002).

8  The court may dismiss if it "appears beyond doubt that the plaintiff can prove no set of

9  facts in support of his claim which would entitle him to relief." <u>Levine v. Diamanthuset,</u>

10 <u>Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41,

11 45–46 (1957)).

12       To determine the sufficiency of a claim based on state law, a federal court

13 exercising diversity jurisdiction must apply the substantive law of that state.  <u>Erie R.R.</u>

14 <u>Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938).  In California, no one may sue a public entity

15 without first complying with Title 1, Part 3 of the Government Code, section 900 *et seq.*

16 Ordinarily, a plaintiff either timely presents the claim under section 911.2, or obtains

17 leave to present a late claim under section 911.4.  Then, the plaintiff must wait 45 days

18 from either the presentation date or the date the board grants leave to present a late

19 claim.  Thereafter, section 945.4 allows the plaintiff to sue only if the board (i) rejects

20 all or part of the claim, or fails to act on the claim (deemed a total rejection under

21 section 912.4(c)); or (ii) denies leave to present a late claim, or fails to act within 45

22 days (deemed a denial under 911.6(c)).

23       If the plaintiff neither timely presents the claim, nor obtains leave to present a

24 late claim, a court may relieve the plaintiff of the claim-presentation requirement.  The

25 plaintiff must petition the court within six months after the board denies or fails to act.

26 If the court grants the petition, the plaintiff must file the complaint within 30 days.

27       Thus, to state a cause of action under California law, the plaintiff *must* allege

28 compliance with Title 1, Part 3.  Failure to allege compliance, or circumstances excusing

1   compliance, subjects the complaint to a general demurrer—i.e., it fails to state facts

2   sufficient to constitute a cause of action.  <u>State v. Superior Court</u>, 32 Cal. 4th 1234,

3   1243 (2004).  In other words, the claim-presentation requirement is an indispensable

4   element of any tort claim against a public entity under California law.  <u>See</u> <u>id.</u>

5   Therefore, in federal court, a plaintiff cannot survive a 12(b)(6) motion without alleging

6   presentation (ordinary or late) or relief (by court order).

7

8   **II.   <u>Discussion</u>**

9        Ramos does not allege that she validly presented the claim or obtained a court

10  order excusing the failure.  She alleges only that she transmitted a notice of intent to sue

11  a health care provider (¶ 15), that Tri-City twice "erroneously" rejected her claim (¶¶

12  15–16), and that she commenced a petition with the San Diego Superior Court to

13  obtain an order relieving her of the claim-presentation requirement (¶ 17).

14       By her own admission, then, Ramos transmitted a *notice*—not a *claim*—on June

15  30, 2006, more than six months after the decedent's hospital stay in October 2005.

16  Thus, she tacitly admits that she has not timely presented a claim.  Contrary to her

17  assertions, characterizing the rejection of her tardy notice as "erroneous" does not

18  change the result because it was still tardy.  Thereafter, Ramos failed to obtain leave to

19  present a late claim, and has yet to obtain an order excusing her failure.

20       Consequently, Ramos has not stated a cause of action under California law.  She

21  quotes several outdated cases in an attempt to convince the court otherwise.  For

22  example, she argues that "compliance with the tort claims act is a procedural

23  prerequisite; it neither creates, nor is an element of a cause of action for tort against a

24  government entity," citing <u>Bahten v. County of Merced</u>, 59 Cal. App. 3d 101, 107

25  (1976).  She further argues that "compliance with the tort claims prerequisites, being

26  merely a procedural predicate to suit and not an element of a cause of action, need not

27  be alleged in the [c]omplaint," citing <u>Bell v. Tri-City Hospital District</u>, 196 Cal. App.

28  3d 438, 444 (1987).

1    She is wrong.  In <u>State v. Superior Court</u>, 32 Cal. 4th 1234, 1244 (2004), the
2 California Supreme Court *specifically disapproved of these very statements in* <u>Bahten</u> *and*
3 <u>Bell</u>.  They are *no longer good law* for the point Ramos argues.  Further, the cases that
4 survived <u>State v. Superior Court</u> involved either a timely claim or a *successful* petition
5 for leave to present a late claim (either directly from the board or by court order).  <u>See</u>
6 <u>id.</u> at 1243–44.  No California case has *ever* permitted a tort claim against a public entity
7 to survive a demurrer under these circumstances.  Thus, Ramos's claims cannot survive
8 a 12(b)(6) motion either.  <u>See</u> <u>id.</u>

9    To reiterate, Ramos's *pending* petition in Superior Court to present a late claim
10 does not satisfy the claim-presentation element.  In <u>Bell</u>, for example, the plaintiffs,
11 William and Lillian Bell, amended their complaint to add that they had successfully
12 petitioned the court under section 946.6.  Only *then* did the defendant demur.  Tri City
13 argued that the Bells filed their suit too soon—before the thirty-day period commencing
14 on the date the court granted the petition for relief, as section 946.6(f) provides.  <u>Bell</u>,
15 196 Cal. App. 3d at 442.  To dismiss at that point would indeed have elevated form over
16 substance, because Tri-City was on notice of the suit and failed to demur until *after* the
17 Bells' complaint alleged relief from the claim-presentation requirement.  As <u>State v.</u>
18 <u>Superior Court</u> recognizes, <u>Bell</u>'s holding is entirely consistent with the rule that a
19 plaintiff must either present the claim (timely or late) or obtain relief under section
20 946.6.

21    Further, because all four causes of action sound in tort, the court will dismiss all
22 counts against Tri-City in their entirety and need not address Tri-City's other two
23 arguments.  The court will *not* grant leave to amend the complaint because Ramos
24 admits that the Superior Court has not granted her pending petition, and the Superior
25 Court may *never* grant that petition.  Thus, no amendment can cure the fatal defect in
26 her complaint against Tri-City without further action from the Superior Court.
27 ///
28 ///

**III.**    <u>Conclusion</u>

The court hereby **GRANTS** Tri-City's motion to dismiss, **DENIES** leave to amend the complaint against Tri-City, and **DISMISSES WITHOUT PREJUDICE** all claims against Tri-City in their entirety.  The Clerk shall dismiss Tri-City as a defendant in this action.

**IT IS SO ORDERED.**

DATED:  February 6, 2007

Hon. Thomas J. Whelan
United States District Judge

06cv2282