UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHIR RAMOS, individually and as the Administratrix of the ESTATE OF ANGEL RAMOS,<br><br>Plaintiff,<br>v.<br><br>THOMAS J. MARCISZ, M.D., DAVID J. OBLON, M.D., and TRI-CITY MEDICAL CENTER,<br><br>Defendants. | CASE NO. 06-CV-2282 (CAB)<br><br>**ORDER DENYING RAMOS'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TRI-CITY MEDICAL CENTER'S THIRTY-SIXTH AFFIRMATIVE DEFENSE** |

On October 11, 2006, Plaintiff Nahir Ramos, administratrix of the estate of Angel Ramos, filed this diversity action. Ramos alleges negligence and malpractice against two doctors and a hospital, Tri-City Medical Center. In Tri-City's Answer to Plaintiff's First Amended Complaint ("FAC"), its thirty-sixth affirmative defense alleges that Plaintiff's First Amended Complaint is barred by Section 946.6(f) of the California Government

-1-

Code.  On August 24, 2007, Ramos filed a motion for partial summary judgment as to Tri-City's thirty-sixth affirmative defense.  The Court decides the matter on the papers submitted and without oral argument under Civil Local Rule 7.1(d.1).  For the reasons stated below, the Court **DENIES** Ramos' motion.

## I.    Background

On October 11, 2006, Ramos filed the complaint commencing this action.  The California Government Code obligated Ramos to present a claim to Tri-City, a public entity.  See Cal. Gov't Code § 945.4.  Rather than present a claim to Tri-City, however, Ramos filed a petition in state court for relief from section 945.4.  The San Diego Superior Court set a hearing date for Ramos' petition of January 17, 2007, and later moved the hearing to January 24.

Meanwhile, on November 3, 2006, Ramos served Tri-City with the original complaint in this action.  On November 27, 2006, Tri-City filed a motion to dismiss the complaint for failure to state a claim because Ramos never alleged either compliance with section 945.4 or relief from the claim-presentation requirement.  On February 6, 2007, this Court granted the motion to dismiss.

On February 5, 2007, however, the Superior Court had granted Ramos' petition for relief.  Accordingly, Ramos filed an ex parte application for leave to file a motion for reconsideration of this Court's ruling on the motion to dismiss.  On February 23, the Court granted Ramos' ex parte application for leave to file a motion for reconsideration. On March 9, Ramos filed a motion for reconsideration arguing a fatal error of fact, and on April 25, the Court granted the motion and further ordered Ramos to file an amended complaint within 30 days.

On May 7, 2007, Ramos filed the FAC.  On May 17, Tri-City filed an answer to the FAC.  Its thirty-sixth affirmative defense alleges that section 946.6(f) of the California Government Code bars any claim against Tri-City.  Tri-City argues that because the Superior Court granted leave on February 5, 2007, Ramos needed to file a

1   new complaint against Tri-City within 30 days—on or before March 7, 2007.  Ramos
2   never did so.  Finally, on August 24, Ramos filed a motion for summary adjudication (in
3   federal parlance, a motion for partial summary judgment) requesting a ruling on Tri-
4   City's thirty-sixth affirmative defense.

5

6   **II.   <u>Legal Standards</u>**

7   Rule 56(d) provides for partial summary judgment.  <u>See</u> Fed. R. Civ. P. 56(d)
8   ("[T]he court . . . shall if practicable ascertain what material facts exist without
9   substantial controversy and what material facts are actually and in good faith
10  controverted.").  Under Rule 56(d), the court may grant summary judgment on less than
11  a party's entire claim.  <u>Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.</u>, 313
12  F.3d 385, 391 (7th Cir. 2002).  Partial summary judgment is a mechanism through
13  which the Court deems certain issues established before trial.  <u>Lies v. Farrell Lines, Inc.</u>,
14  641 F.2d 765, 769 n.3 (9th Cir. 1981).  "The procedure was intended to avoid a useless
15  trial of facts and issues over which there was really never any controversy and which
16  would tend to confuse and complicate a lawsuit."  <u>Id.</u>

17  Summary judgment is appropriate under Rule 56(c) when the moving party
18  demonstrates the absence of a genuine issue of material fact and entitlement to
19  judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477
20  U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it
21  could affect the outcome of the case.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,
22  248 (1986); <u>Freeman v. Arpaio</u>, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute about a
23  material fact is genuine if "the evidence is such that a reasonable jury could return a
24  verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.

25  //
26  //
27  //
28  //

1    **III.    Discussion**

2         For the reasons discussed below, Ramos is not entitled to judgment as a matter

3    of law.  Under section 946.6(f) of the California Government Code, "If the court makes

4    an order relieving the petitioner from section 945.4, suit on the cause of action to which

5    the claim relates shall be filed with the court within 30 days thereafter."  Ramos argues

6    that she complied as a matter of law because the FAC relates back to the *original*

7    complaint—filed on October 11, 2006, much earlier than the order granting Ramos

8    relief from compliance.

9         The Court disagrees.  Ramos's FAC does not, as a matter of law, relate back.

10   Regardless of whether Ramos's two complaints both sought recovery on the same

11   general set of facts, Ramos fails to account for the explicit language of section 946.6(f).

12   "If the court makes an order relieving the petitioner from Section 945.4, suit on the

13   cause of action to which the claim relates shall be filed with the court *within 30 days*

14   *thereafter*."  Cal. Gov't Code § 946.6(f) (emphasis added).  That can only mean the

15   thirty-day period commencing on the date the court grants a petition for relief and

16   ending 30 days later.  A plaintiff *must* comply with section 945.4—or section 946.6 if

17   seeking relief from the state court—and *only then* may the plaintiff file suit.

18        Indeed, California courts construe compliance with section 945.4 as a condition

19   precedent to filing suit that must be alleged in a complaint in order to state a cause of

20   action.  As one California court of appeal has noted:

21
22        A subsequent pleading which sets out the subsequent performance of a
         statutory condition precedent to suit cannot relate the time of performance
23        of the condition back to the time of filing of the original complaint and
         thereby toll the running of the period of limitation, since the rule of
         relation back does not operate to assign the performance of a condition
24        precedent to a date prior to its actual occurrence.

25   Wilson v. People ex rel. Department of Public Works, 271 Cal. App. 2d 665, 669

26   (1969).  In Wilson, the plaintiff failed to serve her complaint on the State of California

27   within 30 days.  The court concluded that the late-filed complaint did *not* relate back

28   to the original complaint, which was filed *before* the state court granted plaintiff relief

from compliance with section 945.4.  <u>Wilson</u>, 271 Cal. App. 2d at 669.  The court specifically pointed out that "the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence."  <u>Id.</u>  For the same reason, Ramos's motion for partial summary judgment must fail.

Ramos further argues that the original complaint complies with section 946.6(f), citing <u>Bell v. Tri-City Hospital District</u>, 196 Cal. App. 3d 438 (1987), for the proposition that a complaint on file prior to a successful petition for relief from section 945.4 satisfies section 946.6(f).  Ramos's citation is misplaced.  <u>Bell</u> rests on the presumption that a plaintiff need not allege compliance with section 945.4 to state a cause of action against a public entity.  Precisely the opposite is true, as the court explained in its order granting the motion to dismiss.  <u>See</u> <u>State v. Superior Court</u>, 32 Cal. 4th 1234, 1244 (2004).

Ramos also contends that compliance with section 946.6(f) was a legal impossibility.  Ramos argues she could not have filed the FAC within 30 days of the date the Superior Court granted her petition because she had filed a motion for reconsideration and leave to file an amended complaint from this Court.  As Tri-City correctly points out, however, the original complaint was dismissed *without prejudice*. Thus, after satisfying the statutory prerequisite to suit, Ramos could have filed a *new action* in this Court within 30 days of the granting of relief.  Moreover, nothing prevented Ramos from withdrawing her motion for reconsideration or requesting an order shortening the usual 28-day calendar on grounds of prejudice.  In any event, Ramos's compliance with section 946.6(f) was not a legal impossibility.

Finally, Ramos requests a *nunc pro tunc* Order Granting Leave to Amend, and a *nunc pro tunc* filing date for the FAC, to dates prior to the expiration of the 30-day period section 946.6(f) prescribes.  Ramos utterly misconceives the *nunc pro tunc* doctrine.  Rule 60(a) provides as follows: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ."  Rule 60(a) allows a court to correct its own ministerial or clerical errors.  <u>Jones</u>

1  & Guerrero Co. v. Sealift Pac., 650 F.2d 1072, 1074 (9th Cir. 1981).  The rule cannot

2  be used to correct a judicial error or omission or to change or revise an order or

3  judgment.  See Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir. 1993).

4       Moreover, the Court cannot enter the FAC nunc pro tunc because it is simply not

5  an order or judgment.  Rule 60(a) does not allow the court to change the date of a

6  litigant's filing; that would conflict with Rule 15 (including the relation-back doctrine).

7  Furthermore, the Court cannot enter the Order Granting Leave to Amend *nunc pro tunc*

8  because Rule 60(a) is used to correct  clerical errors, not judicial errors.  Rule 60(b)

9  allows a court to correct judicial errors; the Court has already corrected the error of fact

10  underpinning the motion to dismiss using Rule 60(b).  Thus, this Court will not enter

11  the Order Granting Leave to Amend or the FAC *nunc pro tunc*.

12

13  **IV.   Conclusion & Order**

14       Because Ramos has not met the burden to show entitlement to judgment as a

15  matter of law with respect to the timeliness of her complaint under Section 946.6(f) of

16  the California Government Code, the Court hereby **DENIES** the motion for partial

17  summary judgment [Doc. No. 40].

18       **IT IS SO ORDERED.**

19

20

21  DATED:  October 26, 2007

22

23                            Hon. Thomas J. Whelan

24                            United States District Judge

25

26

27

28

06cv2282