1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAHIR RAMOS, et. al., | CASE NO. 06-CV-2282 W (CAB) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 52)** |
| vs. | |
| THOMAS J. MARCISZ, M.D., et. al., | |
| Defendants. | |

On October 11, 2006 Plaintiff Nahir Ramos ("Plaintiff"), suing on behalf of herself and as the Administratrix of the Estate of Angel Ramos, commenced this diversity action against Defendants Thomas J. Marcisz, M.D. ("Marcisz"), David J. Oblon, M.D. ("Oblon"), and Tri-City Medical Center[1] ("Tri-City") alleging professional negligence, wrongful death, failure to obtain informed consent, and loss of care, comfort, companionship and support.  (Doc. No. 1.)  Pending before the Court is Defendant Tri-City's Motion for Summary Judgment.  (Doc. No. 52.)  The Court decides the matter on the papers submitted and without oral argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the following reasons, the Court **DENIES** Defendant Tri-City's motion.

///

## I.   BACKGROUND

Because the present motion is based nearly entirely on procedural issues, a full

---

[1] Defendant Tri-City's Motion for Summary Judgment is filed on behalf of "Tri-City Healthcare District," presumably the same entity being sued as "Tri-City Medical Center."

1   recitation of the facts underlying the dispute is not necessary here.  Thus, the Court will

2   simply review the facts relevant in deciding Tri-City's statute of limitations argument.

3       Plaintiff Nahir Ramos, a New Jersey resident, was the wife of the late Angel

4   Ramos ("Ramos") and is the Administratrix of Ramos' estate.  (*First Am. Compl.*

5   [hereinafter "*FAC*"] ¶¶ 1, 2, 53.)  Defendant Tri-City is a California healthcare district,

6   organized and existing under California's Local Health Care District Law.  (*Robert*

7   *Cosgrove Decl.* ¶ 2.)  Tri-City operates a hospital in Oceanside, California, which treats

8   patients and employs numerous physicians, including Drs. Marcisz and Oblon.  (*FAC.*

9   ¶¶ 6, 11, 14.)

10       From October 7, 2005 to November 16, 2005 Ramos was a Tri-City patient and

11   treated by Drs. Marcisz and Oblon.  (*FAC* ¶¶ 27, 32; *Lee Lubin Decl.* ¶ 5.)   On

12   November 26, 2005 Ramos passed away, and Plaintiff alleges that Tri-City, Marcisz and

13   Oblon caused Ramos' death by failing to meet their required standard of care.  (*Lee*

14   *Lubin Decl.* ¶ 5.)  On April 18, 2006 Plaintiff received Letters of Administration from

15   the State of New Jersey allowing her to settle Ramos' estate.  (*FAC* ¶ 2.)

16       On June 30, 2006 Plaintiff served a Notice of Intent to Commence Action

17   Against a Healthcare Provider on Tri-City. (*FAC* ¶ 15.)  On August 10, 2006 Tri-City

18   rejected the Notice as a "late claim."  (*FAC* ¶ 16.)  On August 15, 2006 Plaintiff

19   petitioned Tri-City for leave to file a late claim.  (*FAC* ¶ 17.)  On September 26, 2006

20   Tri-City denied Plaintiff's petition.  (*FAC* ¶ 17.)

21       On October 11, 2006 Plaintiff filed this action alleging professional negligence,

22   wrongful death, failure to obtain informed consent, and loss of care, comfort,

23   companionship and support.[2]  (Doc. No. 1.)  Among other things, Plaintiff alleged that

24   she had served a Notice of Intent to Commence Action upon Tri-City on June 30, 2006.

25   (*Compl.* ¶ 15.)

26       Also on October 11, 2006 Plaintiff filed in San Diego Superior Court a petition

27

28       [2]The docket indicates that the summons as to Tri-City was returned executed, and that Tri-City was served on November 3, 2006.  (Doc. No. 7.)

06cv2282W

1   for relief from California Government Code Section 945.4, a section of the California

2   Tort Claims Act[3] ("CTCA") requiring that a written claim first be presented to a

3   government entity before a plaintiff can maintain a suit against that entity. (*Robert*

4   *Cosgrove Decl.* ¶ 4; Cal. Gov't Code § 945.4.) The California petition's hearing date was

5   eventually set for January 24, 2007. (*Lee Lubin Decl.* ¶ 4.) On February 5, 2007 the San

6   Diego Superior Court granted Plaintiff relief from the CTCA's claim presentation

7   requirement. (*Lee Lubin Decl.* ¶ 8.)

8         Meanwhile, on November 27, 2006 Tri-City moved to dismiss Plaintiff's federal

9   suit because she had failed to allege compliance with Section 945.4's[4] claim presentation

10  requirement.[5] (Doc. No. 3.) On February 6, 2007, the day after the California court

11  granted relief, this Court granted Tri-City's motion and dismissed Plaintiff's Complaint

12  without prejudice, but denied leave to amend the Complaint against Tri-City. (Doc.

13  No. 16.)

14        On February 13, 2007 Plaintiff filed an *ex parte* motion for leave to file a motion

15  for reconsideration of the prior order. (Doc. No. 17.) On February 23, 2007 the Court

16  granted Plaintiff's *ex parte* motion. (Doc. No. 18.) On March 9, 2007 Plaintiff moved

17  for reconsideration of the order granting Tri-City's motion to dismiss, arguing that the

18  prior order should have been granted with leave to amend because her Complaint's

19  deficiencies were curable. (Doc. No. 20.) On April 25, 2007 the Court granted

20  Plaintiff's motion and granted Plaintiff leave to file an amended complaint. (Doc. No.

21  30.) On May 7, 2007 Plaintiff filed her First Amended Complaint ("FAC"), which

22  included allegations that Plaintiff obtained relief from the CTCA's claim presentation

23  requirement. (Doc. No. 31.) On May 17, 2007 Tri-City answered, listing as its thirty-

24

25        [3]Cal. Gov't Code §§ 900 *et. seq.*

26        [4]Unless otherwise noted, all references to "Section" refer to the California Government Code.

27        [5]Not alleging proper satisfaction of the claim presentation requirement, or relief
28  therefrom under Section 946.6, subjects a complaint to a demurrer or motion to dismiss under
    Federal Rule of Civil Procedure 12(b)(6). <u>California v. Superior Court</u>, 90 P.3d 116, 119 (Cal.
    2004).

sixth affirmative defense that the CTCA's statute of limitations barred Plaintiff's action. (Doc. No. 34.)

On August 24, 2007 Plaintiff moved for partial summary judgment on Tri-City's statute of limitations defense.  (Doc. No. 40.)  On October 26, 2007 the Court denied Plaintiff's motion.  (Doc. No. 49.)  On November 28, 2007 Tri-City moved for summary judgment, arguing that Plaintiff's action is time barred because she did not file her complaint within the time permitted by the CTCA.  (Doc. No. 52.)  Plaintiffs did not oppose the motion.

## II.   LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  Id. at 322-23.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

06cv2282W

III.   DISCUSSION

The procedural history of this case is not in dispute.  Tri-City argues that because Plaintiff filed her FAC over thirty days after the California court granted her relief from Section 945.4's claim presentation requirement, Plaintiff's action is time-barred per Section 946.6.  (*Def.'s Summ. J. Mot.* 4–5.)  Moreover, under Wilson v. People ex rel. Dep't of Pub. Works, 76 Cal. Rptr. 906 (Cal. Ct. App. 1969) the FAC cannot "relate back" to the initial complaint.  (*Id.*)  Tri-City concludes that, because Plaintiff did not timely file a complaint which alleged all elements needed to state a cause of action against a public entity,  judgment must be entered for Tri-City as a matter of law.  (*Id.*)

Notwithstanding the Court's prior Order denying Plaintiff's motion for partial summary judgment, Tri-City's arguments are based on a narrow reading of the statutory scheme and ignore important and long-standing exceptions set forth by the California Courts of Appeal.  For the following reasons, the Court finds that, as a matter of law, Tri-City is not entitled to summary judgment.[6]

///

///

///

///

///

A.   The CTCA Statute of Limitations Where a Plaintiff Petitions a Public Entity for Leave to File a Late Claim or Petitions the Court for

---

[6]The Court is aware that summary judgment has now been denied for both parties on the same statute of limitations issue.  Although this implicates the "law of the case" doctrine, the Court is not precluded from reconsidering the statute of limitations issue.  Arizona v. California, 460 U.S. 605, 618 (1983) (holding that the law of the case doctrine directs a court's discretion and does not limit a tribunal's power to reconsider issues).  A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  At the very least, a manifest injustice would otherwise result if the Court did not depart from its prior ruling that Plaintiff was not entitled to judgment as a matter of law with respect to the timeliness of her complaint under Section 946.6(f), especially given the circumstances surrounding Plaintiff's successful motion for reconsideration.  (*See* Doc. Nos. 30, 49.)

## Relief From the Claim Presentation Requirement

Actions against local health care districts, like Tri-City, are subject to the provisions of the California Tort Claims Act. The time for commencement of an action against a public entity is governed by the statutes of limitations set forth in the CTCA, instead of the generally applicable statutes of limitations set forth in the California Code of Civil Procedure. Brown v. Huntington Beach Union High School Dist., 93 Cal. Rptr. 417, 420–21 (Cal. Ct. App. 1971).

Section 945.4 requires that a plaintiff first present a written claim to a public entity within 100 days after the occurrence giving rise to the claim before filing a lawsuit against that entity. Cal. Gov't Code §§ 911.2, 945.4. If a claim is not presented within 100 days, claimants are given the right to petition the public entity for leave to present a late claim. Cal. Gov't Code §§ 911.4, 945.4.

Alternatively, Section 946.6 allows a plaintiff to petition a court for relief from the claim/late-claim presentation requirement under certain circumstances. See Cal. Gov't Code § 946.6. If a court grants the plaintiff's petition for relief, the plaintiff must file a lawsuit within thirty days of the court order. Cal. Gov't Code § 946.6(f).

Strictly reading Sections 945.4 and 946.6, Plaintiff's FAC would at first glance not seem timely because it was filed on May 7, 2007—more than thirty days after February 5, 2007, the date the California court granted Plaintiff relief from the claim presentation requirement. However, as the Court will now discuss, Plaintiff's initial complaint, filed on October 11, 2006, has substantially complied with the CTCA's statute of limitations.

///
///
///
///

**B.**   **Substantial Compliance and the "Prematurely Filed Complaint" Doctrine**

In analyzing relevant decisions interpreting the CTCA's statute of limitations where a court has granted relief from the claim presentation requirement, the Court must start with <u>Wilson</u>, 76 Cal. Rptr. at 906.  In <u>Wilson</u>, the plaintiff filed a complaint for personal injuries against the Southern California Rapid Transit District and "Does" I through VI.  <u>Id.</u> at 907.  The plaintiff then wanted to sue the State of California ("State") as an additional defendant, and successfully petitioned a court for relief from the claim presentation requirement.  <u>Id.</u>  Plaintiff did not substitute the State for any of the "Doe" defendants within thirty days of the order granting relief.  <u>Id.</u>

The State, which was finally served with a copy of the complaint forty-five days after the order granting relief, successfully demurred on the ground that plaintiff failed to comply with Section 946.6's thirty-day limit.  <u>Id.</u>  The court found that by originally failing to allege compliance with or relief from the statutory presentation requirement, no cause of action had accrued against the State under any theory.  <u>Id.</u> at 907–08.  The <u>Wilson</u> court then foreclosed any "relation back" arguments:

> A subsequent pleading which sets out the subsequent performance of a statutory condition precedent to suit cannot relate the time of performance of the condition back to the time of filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence.

<u>Id.</u> at 908.  Because the plaintiff did not amend her complaint to replace "Doe I" with "State of California" within thirty days, or otherwise commence action or notify the State, the court held that plaintiff's complaint was untimely and subject to dismissal.  <u>Id.</u> at 907-09.  Later cases suggest that <u>Wilson</u> stands for the proposition that CTCA compliance is an element of a cause of action against a public entity which must be affirmatively pleaded.  <u>See</u> <u>Bell v. Tri-City Hospital District</u>, 241 Cal. Rptr. 796, 797-800 (Cal. Ct. App. 1987).

The decision in <u>Bahten v. County of Merced</u>, 130 Cal. Rptr. 539 (Cal. Ct. App. 1976) distinguished <u>Wilson</u> and reviewed cases where prematurely filed complaints were

06cv2282W

1   deemed timely.  Bahten, 130 Cal. Rptr. at 542-546.  In Bahten, plaintiff filed a
2   complaint against the County of Merced ("County") for injuries sustained in a high
3   school football game. Id. at 540.  The complaint contained no allegations of compliance
4   with or relief from the CTCA claim presentation requirement, although plaintiff had in
5   fact previously contacted the County for leave to file a late claim. Id.  Six months later,
6   after the County denied leave, a court granted plaintiff relief from the claim
7   presentation requirement under Section 946.6. Id. at 541.  Two months after that,
8   plaintiff finally filed his first amended complaint. Id.  The trial court then granted the
9   County's demurrer, finding that the amended complaint failed to state a cause of action,
10  as plaintiff had not filed his amended complaint within thirty days of the order granting
11  relief. Id.

12      The California Court of Appeals reversed, finding that because plaintiff's
13  complaint was actually on file when the order granting relief was made, the prematurely
14  filed complaint satisfied Section 946.6(f) and the filing of a new complaint was
15  unnecessary. Id. at 542.  The court relied on a probate case, Radar v. Rogers, 317 P.2d
16  17 (Cal. 1957), for the liberal view that the party against which the claim was asserted
17  already had ample notice of the claim and opportunity to approve it. Bahten, 130 Cal.
18  Rptr. at 542–43.  Moreover, under the procedurally similar Savage v. State of California,
19  84 Cal. Rptr. 650 (Cal. Ct. App. 1970), the "attitude of the courts [is] that procedural
20  requirements should be given liberal interpretations in order not to deprive a litigant of
21  his day in court because of technical requirements. Bahten, 130 Cal. Rptr. at 544;
22  accord Cory v. City of Huntington Beach, 117 Cal. Rptr. 475 (Cal. Ct. App. 1974)
23  (applying test of substantial compliance rather than strict compliance in government
24  tort cases).

25      The Bahten court then found Wilson inapplicable because the original complaint
26  in Wilson did not name or identify the defendant, the Wilson defendant had not
27  received any type of claim or petition, and Wilson's rule of strict construction had
28  largely been eroded by subsequent appellate decisions. Bahten, 130 Cal. Rptr. at 546.

The <u>Bahten</u> court also included language suggesting that alleging compliance with the CTCA is merely a procedural prerequisite, and is not an element of a tort cause of action against a government entity. <u>Id.</u> at 542. The <u>Bahten</u> court finally concluded that "[w]e could not allow the [defendant] to prevail here without being guilty of the kind of legalistic myopia which brings the law into disrepute... [t]o call the [defendant's <u>Wilson</u>] defense 'highly technical' would not be an overstatement. <u>Id.</u> at 545.

Similarly, plaintiffs substantially complied with CTCA pleading requirements in <u>Bell v. Tri-City Hospital District</u>, 241 Cal. Rptr. 796 (Cal. Ct. App. 1987). In <u>Bell</u>, plaintiffs filed their complaint for medical negligence two days after serving the defendant hospital with a statutory "Notice of Intention to Commence Action." <u>Bell</u>, 241 Cal. Rptr. at 797. However, the original complaint only named fictitious defendants and did not allege compliance with or relief from the claim presentation requirement. <u>Id.</u> After plaintiffs filed their complaint, they petitioned the hospital for leave to file a late claim. <u>Id.</u> A few weeks later, plaintiffs amended their complaint to include certain physicians and device manufacturers. <u>Id.</u> Although the hospital was not named in the amended complaint's caption, plaintiffs labeled the hospital a "defendant" in the eighth cause of action. <u>Id.</u> Six months later, plaintiffs successfully petitioned the court under Section 946.6 for relief from the claim presentation requirement. <u>Id.</u> at 798. About three months after relief was granted, plaintiffs filed a second amended complaint substituting defendant hospital for "Doe 402." <u>Id.</u> The trial court then granted the hospital's demurrer because plaintiffs had not substituted its name within thirty days of the order granting relief, as required by Section 946.6(f). <u>Id.</u>

The <u>Bell</u> appellate court found that plaintiff's incomplete caption was not a "fatal defect," and that the first amended complaint might constitute a "premature complaint" under <u>Bahten</u> which obviated the need for plaintiffs to take any action within Section 946.6's thirty-day period. <u>Bell</u> 241 Cal. Rptr. at 798. After reaffirming <u>Radar</u> and related cases, the court concluded that the hospital had received every substantive benefit of the tort claims procedure to which it was entitled, and that public policy

06cv2282W

1   favored resolving cases on their merits rather than technical procedural grounds. Id. at

2   803.  The Bell court also discounted Wilson's implication that alleging compliance with

3   the CTCA claim presentation requirement was an element of the cause of action, and

4   that therefore a complaint naming a public entity is a nullity before compliance is either

5   achieved or excused.  Id. at 800.   Refusing to unduly place form over substance, the

6   appellate court in Bell reversed the trial court and allowed the premature complaint to

7   stand.  Id.

8

9       **C.**      **The _State of California v. Superior Court_ Decision**

10       The California Supreme Court's decision in State of California v. Superior Court,

11   90 P.3d 116 (Cal. 2004) clarified prior appellate decisions while reaffirming the

12   prematurely filed complaint doctrine.  In State, the narrow issue before the Court was

13   whether failure to allege facts demonstrating or excusing compliance with the CTCA's

14   claim presentation requirement subjected a complaint to general demurrer.  State of

15   California, 90 P.3d at 119.  The court concluded that it did.  Id.

16       More important for the purposes of this litigation, however, was State's

17   reaffirmation of the premature complaint doctrine.  Id. at 122–23.  State specifically

18   cited Bahten and Bell as _enforcing_ the claim presentation requirement, leaving intact the

19   possibility of substantial compliance where a plaintiff first prematurely files a complaint,

20   then seeks leave to present a late claim, and then fails to timely amend the complaint

21   after obtaining leave or court order granting claim presentation relief.  See Id. at 123.

22   The State court approved of Radar and Cory's notice-based emphasis on substantial

23   compliance, and also left open the possibility that a plaintiff could still satisfy the claim

24   presentation requirement by alleging an appropriate excuse, such as equitable estoppel.

25   Id.; see also Del Real v. City of Riverside, 95 115 Cal. Rptr. 2d 705, 711 (Cal. Ct. App.

26   2002) (holding that a plaintiff may be able to substantially comply with the CTCA if the

27   plaintiff puts the public entity on notice both that the claimant is attempting to file a

28   valid claim and that litigation will result if the matter is not resolved).

1    The State decision's biggest impact on Bahten and Bell was overruling language

2    in both cases which suggested that compliance with the claim presentation requirement

3    was not an element of a cause of action against a public entity.  State, 90 P.3d at 123.

4    The current law under State explicitly holds otherwise: failure to allege facts

5    demonstrating or excusing compliance with the CTCA requirements subjects a

6    complaint to general demurrer for failure to state a cause of action.  Id. at 119, 121.

7    However, the State court expressly limited the scope of this holding, and the court does

8    not discuss how the opinion impacts the timeliness of earlier-filed complaints or affects

9    procedural or substantive rights beyond the demurrer stage.  Id. at 119.  Also absent in

10   State is any resurrection of Wilson's broad, "condition precedent" language (as latterly

11   discounted by Bahten/Bell).  Far from abolishing the substantial compliance doctrine,

12   the court's continued appreciation for Bahten and Bell reinforces the idea that providing

13   notice, affording an opportunity to investigate, and filing a premature complaint remains

14   a viable method to satisfy the CTCA statute of limitations.  Id. at 122.

15

16        **D.    Defendant Tri-City Cannot Prove That, As a Matter of Law, Plaintiff's**

17             **Action Against Tri-City is Barred By the Statute of Limitations**

18        Tri-City argues that Plaintiff did not file a complaint properly alleging the

19   elements of a cause of action until May 7, 2007.  (Def.'s Mot. 4.)  Because the California

20   court had granted relief on February 5, 2007 (over thirty days earlier), Plaintiff's

21   complaint is untimely under Section 946.6.  (Id.)  Moreover, under Wilson, Plaintiff's

22   FAC cannot "relate back" to the original complaint.  (Id.)  Thus, Plaintiff's claim, as a

23   matter of law, is time-barred, must be dismissed, and judgment must be entered in favor

24   of Tri-City.  (Def.'s Mot. 4–5.)

25        While Tri-City correctly reads the statutes, it exaggerates Wilson and State and

26   ignores the continuing vitality of the premature complaint doctrine.  Like the Bahten

27   and Bell plaintiffs, Plaintiff has prosecuted her action in a way that substantially

28   complies with the CTCA's claim presentation requirements. For example, like Bell, Tri-

City received a notice of intent to commence action and had an opportunity to investigate Plaintiff's claim.  Like <u>Bahten</u>, Plaintiff also petitioned Tri-City for leave to file a late claim before filing her original complaint.  Unlike the <u>Wilson</u> defendant, Tri-City received ample notice, had an opportunity to investigate, and was actually named (and served) in the original complaint.  In short, Tri-City received every substantive benefit of the CTCA to which it was entitled.  <u>Id.</u> at 803.

Moreover, like both <u>Bahten</u> and <u>Bell</u>, Plaintiff's non-alleging complaint was still operative on the day the California court granted relief from the claim presentation requirement.  Accordingly, this "premature complaint" obviated the need for plaintiffs to take further action within Section 946.6's thirty-day period.  <u>See Bell</u>, 241 Cal. Rptr. at 798.  Regardless, the Court prefers to decide this case on the merits, and follows <u>Bell</u> in not unduly placing form over substance.

The <u>State</u> decision does not dictate a contrary result.  The narrow issue in <u>State</u> was whether failure to allege compliance with or relief from the claim presentation requirement subjects a complaint to a general demurrer, a question to which the court answered "yes."  However, <u>State</u> expressly held that the core of the <u>Bahten</u>/<u>Bell</u> decisions were "not relevant" to the demurrer issue, and reaffirmed the principles of substantial compliance undergirding both opinions.  That is, although a defendant may successfully demurr to a complaint which fails to allege the CTCA requirements, a premature complaint may still substantially comply with the statute in order to satisfy its limitation period.  Additionally, <u>State</u> makes its case without resuscitating <u>Wilson</u>'s over-broad implication that failing to allege a statutory condition precedent can always bar a claim under a statute of limitations theory.

Finally, the Court cannot disregard Plaintiff's efforts in successfully moving for reconsideration of the order dismissing Plaintiff's original complaint.  Although on February 5, 2007 the California court granted claim presentation relief, on February 6, 2007 this Court dismissed Plaintiff's complaint without leave to amend.  It is perfectly conceivable that Plaintiff may have sought to immediately amend her complaint (to

satisfy Section 946.6), but was prevented from doing so by Court order.  At any rate, Plaintiff diligently pursued first her motion for leave to reconsider, then her motion to reconsider, and finally the filing of her FAC.  Although Plaintiff could have immediately filed a brand new complaint—which probably would have been consolidated with this case, anyway—the Court cannot grant Tri-City's defense without being guilty of the kind of legalistic myopia which brings the law into disrepute.  See Bahten, 130 Cal. Rptr. at 545.  In light of the purpose of the CTCA requirements and actual notice Tri-City received, to call Tri-City's defense 'highly technical' would not be an overstatement. See id.  Accordingly, the Court **DENIES** Defendant Tri-City's motion for summary judgment.  (Doc. No. 52.)

**IV.  CONCLUSION**

Although Plaintiff filed her FAC more than thirty days after the California court granted relief from the CTCA claim presentation requirement, Plaintiff has substantially complied with CTCA requirements by filing an earlier complaint and providing Tri-City with notice of her claims.  Thus, the Court finds that, as a matter of law, Plaintiff's FAC is not untimely under California Government Code Section 946.6.  Defendant's motion is hereby **DENIED** and Plaintiff's FAC shall remain the operative pleading.  (Doc. No. 52.)

IT IS SO ORDERED.

DATED:  January 28, 2008

Hon. Thomas J. Whelan
United States District Judge